# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUMANE SOCIETY OF LACKAWANNA COUNTY, et al.,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>METSO PAPER USA, INC., et al.,<br><br>　　Defendants. | CIVIL ACTION NO. 3:06-CV-0008<br><br>(JUDGE CAPUTO) |
| PECK, et al.,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>METSO PAPER USA, INC., et al.,<br><br>　　Defendants. | CIVIL ACTION NO. 3:06-CV-0009<br><br>(JUDGE CAPUTO) |
| GINADER, et al.,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>METSO PAPER USA, INC., et al.,<br><br>　　Defendants. | CIVIL ACTION NO. 3:06-CV-0019<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court are three cases: *The Humane Society of Lackawanna County, et al., v. Metso Paper USA, Inc., et al.*, No. 3:06-CV-0008; *Peck, et al., v. Metso Paper USA, Inc., et al.*, No. 3:06-CV-0009; and *Ginader, et al., v. Metso Paper USA, Inc., et al.*, No. 3:06-CV-0019. Defendants have removed each case from state court alleging

that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and Plaintiffs have filed motions to remand.  (No. 3:06-CV-0008, Pet. for Removal, Doc. 1, Mot. for Remand, Doc. 19; No. 3:06-CV-0009, Pet. for Removal, Doc. 1, Mot. for Remand, Doc. 19; No. 3:06-CV-0019, Pet. for Removal, Doc. 1, Mot. for Remand, Doc. 19.)  For the reasons set forth below, Plaintiffs' motions for remand will be granted.

## BACKGROUND

According to the facts as alleged in Plaintiffs' First Amended Complaint filed in the Court of Common Pleas of Lackawanna County, Pennsylvania[1]: In or about August, 2005, Plaintiffs discovered that the groundwater beneath their properties and the water supplied by their wells had been contaminated with trichloroethylene ("TCE"), perchloroethylene ("PCE"), and/or other toxic chemicals.  (Doc. 1, Ex. 1, ¶ 29.)  Plaintiffs allege that the contaminants emanated from and/or were released or discharged from several industrial facilities owned, operated or controlled by Defendants Metso Paper USA, Inc., Sandvik, Inc., ("Sandvik"), Sandvik Extruded Tube, Inc., ("Sandvik Tube"), SMI Extruded Tube, Inc. ("SMI"), and Larry Snell.  (Doc. 1, Ex. 1, ¶ 39.)  Further, Plaintiffs allege that Defendants Sandvik, Sandvik Tube, SMI and Larry Snell utilized a number of storage tanks and storage tank facilities as defined within the Pennsylvania Storage Tank and Spill Prevention Act, 35 P.S. § 6021.101, *et seq.*, ("STSPA").  (Doc. 1, Ex. 1, ¶ 69.) Plaintiffs assert that a material amount of the contaminants at issue leaked, emanated, or

---

[1] The Court will cite only to Plaintiffs' Amended Complaint (Doc. 1, Ex. 1) in *The Humane Society of Lackawanna County, et al., v. Metso Paper USA, Inc., et al.*, No. 3:06-CV-0008.  The amended complaints in the three cases before the Court are virtually identical, and distinguishing amongst them is unnecessary.

2

were discharged from these tanks and tank facilities.  (Doc. 1, Ex. 1, ¶ 70.)  In addition, Plaintiffs allege that the leak, discharge, or escape of these contaminants violated the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. § 6020.101, *et seq.*, and that Defendants are "responsible persons" as defined by the HSCA.  (Doc. 1, Ex. 1, ¶¶ 63-64.)

At all times material hereto, Defendant Larry Snell was the plant manager responsible for environmental practices at the facilities owned, operated and controlled by Defendants Sandvik, Sandvik Tube and SMI.  (Doc. 1, Ex. 1, ¶ 28.)  Plaintiffs allege both that Defendant Snell actively participated in the negligent conduct of Sandvik, Sandvik Tube and SMI (Doc. 1, Ex. 1, ¶ 48); and that Defendant Snell is independently liable because he "hid[ ] sources of contamination from various regulatory agencies", "provided false and misleading information", and "failed to ensure that the facility was operated in accordance with all applicable regulations."  (Doc. 1, Ex. 1, ¶ 47.)  In addition, Plaintiffs allege that Defendant Snell is an "owner" or "operator" as defined in the HSCA and the STSPA, and that he is also a "responsible person" within the meaning of the Acts. (Doc. 1, Ex. 1, ¶¶ 28, 63, 69.)

Plaintiff filed complaints in the Court of Common Pleas of Lackawanna County, Pennsylvania.  Defendants removed the cases to federal court, on the basis of diversity jurisdiction.  Plaintiffs now move to remand.

## DISCUSSION

While defendants may remove a case from state court to federal court pursuant to 28 U.S.C. § 1441, the case shall be remanded "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction. . . ."  28 U.S.C.  § 1447©. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987).  Defendants bear the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements.  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1991).

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a).  Section 1332 has been interpreted to require "complete diversity" between the parties.  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

In the present case, Plaintiffs are citizens of Pennsylvania.  Defendants concede that Defendant Snell is a citizen of Pennsylvania, but argue that Defendant Snell was fraudulently joined as a defendant and should be disregarded for purposes of determining diversity of citizenship.

**1.    Fraudulent Joinder**

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."  *Boyer*, 913 F.2d at 111.  "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has

fraudulently joined a party to destroy diversity jurisdiction has a 'heavy burden of persuasion'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley,* 809 F.2d at 1012 n.6).

Further, the Court is compelled to "resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

While adjudicating a claim of fraudulent joinder, the Court must not convert its jurisdictional inquiry into a determination of the underlying merits of the claim. *Batoff,* 977 F.2d at 852. That is to say, the Court's inquiry as to whether a party has been fraudulently joined is less searching than that required when resolving a motion to dismiss. *Id.* "[T]he court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses . . . . [T]hat is a merits determination which must be made by the state court." *Boyer*, 913 F.2d at 113.

   a.   **Good Faith Intent to Prosecute the Action**

Defendants argue that Defendant Snell has been fraudulently joined because Plaintiffs have no real, good faith, intention to pursue their claims against him. Specifically, Defendants Notice of Removal (Doc. 1) reads in relevant part:

> Because Plaintiffs also have named in this suit Defendant Snell's employer, Sandvik, Inc., and given the substantial relief being sought, including the establishment of a medical monitoring trust fund under HSCA, diminution of property value and other

5

>>exemplary damages, Plaintiffs have no good faith intention of prosecuting the asserted claims against Defendant Snell.

(Doc. 1, ¶ 17.) Plaintiffs assert that Defendants' argument has been rejected by *Tschirhart v. United Airlines*, No. 96-1620, 1997 U.S. Dist. LEXIS 6591 (D. N.J. March 24, 1997).

In *Tschirhart*, the plaintiff motioned the court for joinder of a non-diverse defendant and for remand. *Id.,* at *1. The defendants in the case argued that joinder of the non-diverse defendant, who was an employee of a diverse defendant, should be denied because the plaintiff could obtain complete relief from the employer. The court responded, in relevant part:

> Turning to the equities of the case, United first invokes the irrelevancies that plaintiff could obtain complete relief from United without pursuing her claim against [the employee]. . . . Regardless of United's capacity to satisfy a judgment against both it and [its employee], if plaintiff has stated a claim upon which relief can be granted against [the employee]--which, as discussed above, she has--the availability of United's deep pockets cannot defeat the claim. . . . These arguments are simply ridiculous.

*Id.*, at *6 n.5.

In the present case, there is no indication in the record that Plaintiffs lack a good faith intent to prosecute their claims against Defendant Snell. Although not binding on this Court per se, I agree with the reasoning articulated in *Tschirhart* and find that the liability or financial status of Defendant Snell's employer is insufficient to demonstrate otherwise. *See id.*

### b. Reasonable Basis in Fact or Colorable Ground

Defendants, next, argue that Defendant Snell has been fraudulently joined

because Plaintiffs' claims against him are "wholly insubstantial and frivolous." *Batoff,* 977 F.2d at 852. As discussed previously, Plaintiffs have brought a negligence claim against Defendant Snell, as well as claims under the HSCA and STSPA.

### i.  Negligence

Defendants argue that Plaintiffs' negligence claim against Defendant Snell is defective as a matter of law because it fails to demonstrate that Defendant Snell owed Plaintiffs a duty of care. In particular, Defendants argue that Plaintiffs' allegations in "Count I" of the First Amended Complaint (Doc. 1, Ex. 1) are not applicable to Defendant Snell, since Plaintiffs detailed their allegations against him separately in "Count II" of the complaint. I disagree.

Plaintiffs' First Amended Complaint can reasonably be interpreted to have incorporated into "Count II" the allegations raised in "Count I". The complaint reads in relevant part:

COUNT II -NEGLIGENCE
PLAINTIFFS V. SNELL

> 45.  Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein.

(No. 3:06-CV-0008, Doc. 1, Ex. 1, at 16.) Further, Plaintiffs specifically allege that Defendant "Snell actively participated in the negligent conduct of Sandvik, Sandvik Tube and SMI alleged" within the First Amended Complaint. (Doc. 1, Ex. 1, ¶ 48.)

Viewing "Count I" and "Count II" of the First Amended Complaint, there is a possibility that the state court would find that Plaintiffs allege sufficient facts to demonstrate that Defendant Snell owed them a duty of care. *See Boyer*, 913 F.2d at

111. Further inquiry into the scope, or nature, of the alleged duty of care would be an impermissible determination by this Court of the underlying merits of Plaintiffs' claim. *See Batoff,* 977 F.2d at 852.  Plaintiffs' negligence claims against Defendant Snell are not "wholly insubstantial and frivolous," and therefore Defendant Snell was not fraudulently joined.[2]

## CONCLUSION

This Court finds that Defendant Snell was not fraudulently joined and, therefore, complete diversity between the parties does not exist.  As such, these cases will be remanded to the Court of Common Pleas of Lackawanna County, Pennsylvania.

An appropriate Order will follow.

| | |
|---|---|
| March 31, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[2] The Court recognizes, but need not address, Plaintiffs' additional arguments that: (1) they have stated claims against Defendant Snell under the HSCA and STSPA; (2) removal was defective; and (3) Defendant Sandvik Extruded Tube, Inc. has merged into an entity with its principal place of business in Pennsylvania.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUMANE SOCIETY OF LACKAWANNA COUNTY, et al., | CIVIL ACTION NO. 3:06-CV-0008 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| METSO PAPER USA, INC., et al., | |
| Defendants. | |

## **ORDER**

**NOW**, this   31st   day of March, 2006, **IT IS HEREBY ORDERED** that:

(1)     Plaintiffs' motion to remand (Doc. 19) is **GRANTED**.

    (A)     The Clerk of Court shall remand this case to the Court of Common Pleas of Lackawanna County, Pennsylvania.

(2)     The Clerk of Court shall mark this case **CLOSED**.


                                  /s/ A. Richard Caputo  
                                  A. Richard Caputo  
                                  United States District Judge